MARIE GUTMAN, Respondent, *v.* BRONX BOROUGH BANK, Appellant.

First Department, July 3, 1919.

Banks — wrongful refusal to pay check — liability for loss of collateral sold and cash deposited as margin caused by failure to pay check — trial — proof.

Where in an action to recover for the wrongful refusal of a bank to pay a check, the damages claimed are for loss of collateral sold and cash deposited as margin with a broker, the payee in the check, due to the broker selling out the plaintiff for failure to keep the margin good, which failure was caused by the refusal of the bank to pay the check, there can be no recovery without proof of damage sustained as that the course of the stock market thereafter was such that the plaintiff would not have been sold out if the check had been paid or by other proof to establish damage.

APPEAL by the defendant, Bronx Borough Bank, from an order of the Appellate Term of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Bronx on the 2d day of January, 1919, affirming a judgment of the Municipal Court of the City of New York, Borough of Bronx, First District, in plaintiff's favor, and also an appeal is taken from the judgment of the Municipal Court so affirmed. The Municipal Court judgment was entered upon the verdict of a jury and was affirmed by a divided court.

*John Boyle, Jr.,* of counsel [*Benjamin F. Gerding,* attorney], for the appellant.

*Francis D. Gallatin* of counsel [*Abraham Lipton,* attorney], for the respondent.

SMITH, J.:

Plaintiff was speculating in Wall street. She had purchased certain stock upon margin. She had $400 collateral security for the margin and had paid $800 in cash therefor. Two days prior to November first the plaintiff drew a check for $200 and mailed it to the broker. This check was not paid by the bank and the plaintiff's stock was sold out and the plaintiff lost her collateral and her stock. It seems that the

bank wrongfully refused to pay this check. The refusal arose from a mistake in failing to credit the plaintiff's account with $40 which had been deposited by the plaintiff's husband. The question raised upon this appeal is whether the wrongful refusal to pay this check resulting in the sale of the plaintiff's collateral by the stockbroker authorizes the recovery by the plaintiff, as damages, of the value of the collateral sold and the cash deposited as margin. There was no proof as to the course of the stock market thereafter, or whether the plaintiff would not have lost both her collateral that she had up and the $200 represented by the check, if the check had been cashed.

No facts are shown from which the jury was authorized to assess plaintiff's actual damages caused by defendant's negligence.

The determination should, therefore, be reversed and a new trial directed in the Municipal Court, with costs in all courts to appellant to abide the event.

CLARKE, P. J., DOWLING, PAGE and PHILBIN, JJ., concurred.

Determination and judgment reversed and new trial ordered, with costs to appellant in all courts to abide event.